**Venn v. Harmison**

*A. G. Helbling,* for plaintiff.
*Frank R. Fleming, III,* for defendants.

ROWLEY, J., August 8, 1975—Defendants have filed preliminary objections to plaintiffs' complaint in ejectment. Following oral argument and the filing of briefs, the matters raised therein are now before us for disposition. We note preliminarily that defendants have not indicated the nature of the objections raised, as required by Pa. R.C.P. 1017(b).

The first objection apparently constitutes a demurrer, since it avers that the complaint does not state a cause of action in ejectment. This contention is incorrect. Ejectment is a possessory action and is the proper form of action in which to recover possession of land. From the complaint it appears that the parties are adjoining property owners. Plaintiffs aver that defendants have taken possession of a 20-foot-wide strip of land which belongs to plaintiffs and are holding, using and enjoying the same and forbidding and preventing plaintiffs from entering upon or using the same. Such an averment coupled with the averment that plaintiffs are, in fact, the owners of the disputed 20-foot strip are sufficient to state a cause of action in ejectment. See Buck v. Brunner, 167 Pa. Superior Ct. 142 (1950), in which the Superior Court held, under almost identical circumstances, that an action to quiet title was inappropriate and plaintiffs should have filed an ejectment action. The first preliminary objection will be overrruled.

In paragraph 18 of the complaint, plaintiffs aver that they have no other adequate remedy at law. Defendants' second preliminary objection (apparently in the

nature of a motion to strike) says that such an averment is improper in an ejectment action and confuses an equity proceeding with one in law. It is true that the averment that plaintiffs have no adequate remedy at law is mere surplusage and is not required in an action in ejectment. The same may be said of those portions of paragraph 19 of the complaint in which plaintiffs ask for what appears to be equitable relief. Such averments, however, are not material to plaintiffs' cause of action and do not harm or prejudice defendants. In accordance with the policy of Pa. R.C.P. 126, such immaterial and harmless inclusion of surplusage may be overlooked: 2 Anderson Pa. Civil Practice §1017.25. For these reasons, defendants' second preliminary objection will be overruled.

Defendants' third preliminary objection constitutes a motion for a more specific pleading. The basis of this objection appears to be that plaintiffs' abstract of title contained in the complaint is inadequate. It may be that in tracing their title to Lot No. 1 in the Coyle Place Plan of Lots, plaintiffs again included some matters which were extraneous to the issue in this case, or which constitute evidence to be presented at trial. However, a careful and detailed reading of paragraphs 11, 12 and 13, together with Exhibit "B" attached to the complaint, discloses that plaintiffs have set forth the abstract of title upon which they rely from the common source of theirs and the defendants' titles. The common source of the parties' title is Harry A. Carcase et ux. In addition, the description contained in the complaint and Exhibit "B" are sufficiently specific to alert defendants to that tract which is in dispute. For these reasons, defendants' third preliminary objection will be overruled.

Finally, it is interesting to note that defendants herein, Mark R. Harmison and Dorothy L. Harmison,

796

have filed in this court, at no. 898 of 1975, an action entitled "In Ejectment-Equity-Trepass" against plaintiffs herein, Howard C. Venn and Adele Marie Venn. An examination of the complaint in that case makes it clear beyond any question of a doubt that the Harmisons are completely familiar with the issues raised in the Venn complaint. There is attached to the Harmisons' complaint a very detailed and thorough survey of the property in question, as well as all of the surrounding area. In addition, the abstract of title contained in the Harmisons' complaint is basically and essentially the same one contained in the Venns' complaint. It is also interesting to note that the Harmisons likewise are asking for equitable relief in addition to relief in ejectment. The Venns have filed an answer to Harmisons' complaint in that case and it would appear that the two cases should be consolidated for trial at such time as both are certified as ready for trial.

For all of the foregoing reasons, we make the following

ORDER

Now, August 8, 1975, defendants' preliminary objections are overruled. Defendants are directed to file an answer to plaintiffs' complaint within 20 days.